**William F. SMITH, Appellant,
(Defendant Below),**

v.

**STATE of Indiana, Appellee,
(Plaintiff Below).**

**No. 2–180A30.**

Court of Appeals of Indiana,
Fourth District.

Dec. 16, 1980.
Rehearing Denied Jan. 22, 1981.

Jeffry G. Price, Peru, for appellant.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

William F. Smith was convicted of distributing obscene matter, a Class D felony.[1] We reverse, concluding the statute in question, Ind.Code 35–30–10.1–1 *et seq.*, was unconstitutionally applied in that the photograph[2] in question–involving a depiction of mere nudity–is not obscene under the appropriate constitutional standard.

In essence, the State contends that offending matter, consisting of a black and white 3″ × 5″ photo of a naked and apparently young girl, depicts obscene "sexual conduct" in light of the following statutory definition of obscenity set out in IC 35–30–10.1–1:

"(c) A matter or performance is 'obscene' if:

(1) The average person, applying contemporary community standards, finds that the dominant theme of the matter or performance, taken as a whole, appeals to the prurient interest in sex;

---

1. Pursuant to Ind.Code 35–30–10.1–2, distribution of obscene matter, while otherwise a Class A misdemeanor, is a Class D felony "if the obscene matter depicts or describes sexual conduct involving any person who is or appears to be under sixteen [16] years of age."

2. We observe in this context that although several photographs appear in the record of this case, all but the one which this charge is based were offered for the limited purpose of showing probable cause for conducting an investigation.

(2) The matter or performance depicts or describes in a patently offensive way, sexual conduct; and

(3) The matter or performance, taken as a whole, lacks serious literary, artistic, political, or scientific value."

The State further relies on IC 35–30–10.1–1(d)(iii), which broadly defines "sexual conduct" as including "exhibition of the uncovered genitals of a person under sixteen [16] years of age."

■ Without considering, as Smith contends, whether such statute is void for "overbreadth" because it effectively bans nudity as obscene contrary to the holding of the United States Supreme Court in *Erznoznik v. City of Jacksonville*, (1975) 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125, we conclude that in the instant case, at least, the conviction was unlawful because the statute was applied so as to encompass mere nudity.

In this regard, we observe that where, as here, a fundamental right of expression is arguably being threatened, it is the duty of this Court to consider the threshold question of whether the allegedly offensive matter is in fact obscene under an appropriate constitutional test. As was stated by the United States Supreme Court in its opinion in *Jenkins v. Georgia*, (1974) 418 U.S. 153, 160, 94 S.Ct. 2750, 2754, 41 L.Ed.2d 642, discussing *Miller v. California*, (1973) 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419:

"Not only did we there say [in *Miller*] that 'the First Amendment values applicable to the States through the Fourteenth Amendment are adequately protected by the ultimate power of appellate courts to conduct an independent review of Constitutional claims when necessary,' 413 U.S., at 25 [93 S.Ct., at 2615], but we made it plain that under that holding '*no one will be subject to prosecution for the sale or exposure of obscene materials unless these materials depict or describe patently offensive "hard core" sexual conduct....*' Id., at 27 [93 S.Ct., at 2616]." (Emphasis added.)

■ Whatever may in general be considered pornography or "hard core" obscenity under the test thus established by the United States Supreme Court, it does seem clear, pursuant to that Court's guidelines, that "nudity alone is not enough to make material legally obscene." *Jenkins v. Georgia, supra,* 418 U.S. at 161, 94 S.Ct. at 2755. *And see, e. g.,* nudist magazine cases such as *Sunshine Book Co. v. Summerfield,* (1958) 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352 (per curiam), in which the Court held nudist magazines available to the general public were not obscene for purposes of federal postal legislation, despite the appearance therein (as noted by the lower court) of "photographs of naked men, women, and children," and, further, despite a determination by the Post Office Department fact–finder that such magazines could not be legally distributed. *Sunshine Book Co. v. Summerfield,* (D.C.Cir.1957) 249 F.2d 114.

As noted above, the photograph in the instant case involves nothing more than nudity, in that it depicts neither sexually provocative gestures, nor any close–up of the genital region. In light of such fact, we believe the photograph fails even to fall within the standard defined by IC 35–30–10.1–1(c), *supra,* since such nudity by itself does not appeal to the "prurient interest in sex" or depict sexual conduct in a patently offensive way, even when one takes into account the broad definition of "sexual conduct" which the statute purports to impose pursuant to IC 35–30–10.1–1(d)(iii), *supra.*

In so holding, we believe that without doubt, anyone who abuses a child to obtain a photograph such as that here at issue should be vigorously prosecuted for the despicable crime which he commits.[3] We simply hold that individuals may not constitutionally be sanctioned merely for the distribution of a photo depicting such nudity. Whether the statute is impermissibly vague, as well, is a question which need not be here

---

3. In addition, we do not purport to suggest this State cannot sanction the act of providing sexually explicit or similar materials to minors, our current statute being Ind.Code 35–30–11.–1–1 *et seq.*

decided. *See generally, Ford v. State,* (1979) Ind.App., 394 N.E.2d 250, 256 (Garrard, P. J., dissenting). Similarly, in light of our conclusion the photograph itself may not be considered obscene as a matter of First Amendment law, we do not believe this Court need address, in the instant case, the applicability of Article 1, § 9 of our Indiana Constitution, where it is stated "[n]o law shall be passed, restraining the free interchange of thought and opinion, or restricting the right to speak, write, or print, freely, *on any subject whatever*: but for the abuse of that right, every person shall be responsible."[4] (Emphasis added.)

We reverse and order a judgment of not guilty.

YOUNG, P. J., and CHIPMAN, J., concur.

---

4. This Court is aware of only one opinion interpreting this provision, *State v. Kuebel,* (1961) 241 Ind. 268, 172 N.E.2d 45, in which our Supreme Court merely held, without further explanation, that prohibitions on the sale or distribution of obscene materials require a *balanc-* ing of free speech rights "against the requirements of the public safety and welfare" in any circumstance where the prohibition "is attempted in a manner which tends to restrict the right of free speech or expression." *Id.* at 277, 172 N.E.2d at 49–50.